UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARI VANNA DC, LLC | ) | |
| | ) | |
| 1141 Connecticut Avenue, N.W. | ) | |
| Washington, D.C. 20036, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| NET ELEMENT, INC. | ) | |
| (dba "Unified Payments") | ) | |
| | ) | |
| 3363 NE 163d Street | ) | |
| Suite 705 | ) | |
| North Miami Beach, Florida 33160 | ) | |
| | ) | |
| Serve on: | ) | |
| Incorporating Services, Limited | ) | |
| 3500 S Dupont Highway | ) | |
| Dover, Delaware 19901, | ) | |
| | ) | |
| TOT GROUP, INC. | ) | |
| (dba "Unified Payments") | ) | |
| | ) | |
| 3363 NE 163d Street | ) | |
| Suite 705 | ) | |
| North Miami Beach, Florida 33160 | ) | |
| | ) | |
| Serve on: | ) | |
| Incorporating Services, Limited | ) | |
| 3500 S Dupont Highway | ) | |
| Dover, Delaware 19901, | ) | |
| | ) | |
| UNIFIED PAYMENTS, LLC | ) | |
| (dba "Unified Payments") | ) | |
| | ) | |
| 3363 NE 163d Street | ) | |
| Suite 705 | ) | |
| North Miami Beach, Florida 33160 | ) | |
| | ) | |
| Serve on: | ) | |
| National Registered Agents, Inc. | ) | |
| 160 Greentree Drive, # 101 | ) | |

1

Dover, Delaware 19904,                       )
                                             )
and                                          )
                                             )
Does 1-20,                                   )
                                             )
Defendants.                                  )

## COMPLAINT

**for breach of contract, unjust enrichment, replevin, detinue, fraud and deceit, constructive fraud, breach of fiduciary duty, conversion, wrongful taking, civil theft, negligence and gross negligence, intentional misrepresentation, negligent misrepresentation, promissory estoppel, detrimental reliance, tortious interference with prospective economic advantage, civil conspiracy, aiding and abetting, violation of Racketeer Influenced and Corrupt Organizations (RICO) Act, declaratory and injunctive relief, and accounting**

Now comes the plaintiff, Mari Vanna DC, LLC, by and through the undersigned counsel, and for

its complaint against the defendants, Net Element, Inc., TOT Group, Inc., Unified Payments,

LLC, and Does 1-20, states and alleges as follows:

### PARTIES

1.  The Plaintiff, Mari Vanna DC, LLC (hereinafter referred to as "Plaintiff" or "Mari Vanna")

    is a District of Columbia limited liability company that maintains its principal place of

    business at 1141 Connecticut Avenue, N.W., Washington, D.C. 20036. At all times relevant

    to the matters alleged herein, Plaintiff operated a restaurant in Washington, D.C. known as

    "Mari Vanna."

2.  Defendant Net Element, Inc. (hereinafter sometimes referred to as "Net Element") is a

    Delaware corporation. On information and belief, Net Element, Inc. maintains its principal

    place of business at 3363 NE 163d Street, Suite 705, North Miami Beach, Florida 33160.

3.  Defendant TOT Group, Inc. (hereinafter sometimes referred to as "TOT") is a Delaware

    corporation. On information and belief, TOT Group, Inc. maintains its principal place of

    business at 3363 NE 163d Street, Suite 705, North Miami Beach, Florida 33160.

4.  Defendant Unified Payments, LLC (hereinafter sometimes referred to as "UP") is a Delaware limited liability company. On information and belief, Unified Payments, LLC maintains its principal place of business at 3363 NE 163d Street, Suite 705, North Miami Beach, Florida 33160.

5.  Defendants Does 1-20 are accomplices, aiders, abetters, joint tortfeasors, and co-conspirators of the other defendants, whose identities are yet to be determined.

6.  Defendants Net Element, Inc., TOT Group, Inc., and Unified Payments, LLC are and operate as integrated and interrelated members and parts of a joint and common enterprise and venture; have common ownership and management; on information and belief, share offices, facilities, accounts, and personnel; regularly transact business under the trade names "Unified Payments" and "Unifiedpayments;" are agents and *alter ego*s of each other; and are hereinafter collectively referred to as "Unified Payments."

## JURISDICTION AND VENUE

7.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a matter arising under the laws of the United States of America; 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds $75,000.00; 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating commerce; and 28 U.S.C. § 1367, because this action involves state law claims that are so related to claims over which this Court has original jurisdiction as to form part of the same case and controversy.

## VENUE

8.  Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events and omissions giving rise to the claims asserted herein occurred in the District of Columbia. Further, on

information and belief, the defendants regularly and routinely transact business in the District of Columbia, this to such an extent as to make them subject to the general *in personam* jurisdiction of courts located in the District of Columbia. Additionally, the defendants have transacted substantial business in the District of Columbia, have purposefully directed their activities towards the District of Columbia, have availed themselves of benefits of the laws of the District of Columbia, and the causes of action asserted herein are related to the defendants contacts with and activities in the District of Columbia.

BACKGROUND

9.  Unified Payments is an Independent Selling Organization/Member Service Provider ("ISO/MSP"). ISO/MSPs solicit merchants and performs such services for acquiring banks as processing merchant applications and charge-backs, detecting fraud, servicing merchant customers, providing accounting services, selling or leasing electronic terminals to merchants, processing credit card transactions, authorizing purchases, and capturing data.

10. In 2014, Unified Payments solicited the business of Mari Vanna and offered to process its credit card transactions and receipts and provide other merchant services.

11. In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised and represented to Plaintiff:

(1) That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2) That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3) That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

4

(4) That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(5) That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(6) That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that they would process and all fees, charges, and expenses relating to the same;

(7) That Unified Payments would not charge Mari Vanna any improper fees and would not make any improper withholdings from Mari Vanna's receipts.

12. Unified Payments made those promises and representations intentionally, with the expectation that Mari Vanna would rely on the same in selecting Unified Payments to process Mari Vanna's credit card transactions and provide merchant services.

13. Mari Vanna did, in fact, reasonably rely on those promises and representations in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to process its credit card transactions and provide merchant services commencing October 2014.

14. Those representations were false when made.

15. Unified Payments processed Mari Vanna's credit card transactions from October 2014 until November 2015 (hereinafter referred to as "the Relevant Period").

16. Throughout the Relevant Period, every month, Unified Payments charged Mari Vanna a processing fee of $0.50 per credit card transaction and not the agreed upon $0.05 per credit card transaction.

17. As a result, Mari Vanna was overcharged in the amount of not less than $18,984.60.

18. That amount was wrongfully withheld by Unified Payments from Mari Vanna's credit card receipts from the Relevant Period that were processed by Unified Payments.

19. Throughout the Relevant Period, every month, without notice to or consent of Mari Vanna, Unified Payments wrongfully withheld from Mari Vanna's credit card receipts a fee of $390.00 per month for use of software and equipment that Mari Vanna did not use.

20. As a result, Mari Vanna was overcharged a further $5,070.00.

21. Unified Payments, without any proper justification, withheld and failed to remit to Mari Vanna a significant portion of the credit card transaction receipts that it processed for Mari Vanna over the Relevant Period. In addition to the overcharges described hereinabove, Unified Payments thus wrongfully withheld and failed to remit to Mari Vanna an amount of not less than $33,741.39.

22. Mari Vanna's accountants discovered the foregoing deficiencies towards the end of 2015, investigated and audited the relevant accounts, and promptly contacted Unified Payments to demand payment of all amounts wrongfully withheld and not remitted.

23. Confronted with the facts, Unified Payments admitted that there was a problem and that significant amounts of money were owed to Mari Vanna by Unified Payments.

24. In December of 2015, an agent of Unified Payments acknowledged that Unified Payments owed Plaintiff at least $27,480.22, which was still significantly less than the amount actually withheld from Mari Vanna by Unified Payments, and promised that at least that amount of $27,480.22 would be promptly remitted to Mari Vanna and that Unified Payments would investigate whether there were additional amounts owed to Mari Vanna.

25. Despite those promises and express commitments, Unified Payments failed to remit to Plaintiff anything at all.

26. Mari Vanna was forced to incur significant additional expenses investigating the matter and suffered additional damages and losses.

27. Subsequent demands for payment by Mari Vanna were left unanswered.

28. As of the date hereof, Unified Payments is in wrongful possession of not less than $57,795.99 of funds that should have been remitted to Plaintiff.

29. The credit card payments and transactions in question originated in the District of Columbia.

CLAIMS FOR RELIEF
FIRST CLAIM FOR RELIEF
BREACH OF CONTRACT

30. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 29 with the same effect as if fully set forth herein.

31. The agreement between Mari Vanna and Unified Payments concerning processing of Mari Vanna's credit card transactions and receipts and provision of merchant services was a valid and binding contract.

32. Plaintiff has performed all of its obligations under that contract.

33. Unified Payments materially breached their contract with Mari Vanna by, *inter alia*:

(1) failing to  significantly reduce Mari Vanna's credit card processing fees;

(2) overcharging and overbilling Mari Vanna $0.45 per credit card transaction processed and wrongfully withholding those overcharges from the Mari Vanna's credit card receipts processed by Unified Payments;

(3) overcharging and overbilling Mari Vanna $390 per month for software and equipment that Mari Vanna did not use and wrongfully withholding those overcharges from the Mari Vanna's credit card receipts processed by Unified Payments;

(4) failing to properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(5) failing to remit to Mari Vanna all of Mari Vanna's credit card receipts that Unified Payments processed less only the agreed upon fees and charges;

(6) wrongfully withholding and failing to remit not less than $33,741.39 of Mari Vanna's credit card receipts in addition to the other amounts wrongfully withheld;

(7) wrongfully withholding and failing to remit not less than $57,795.99 of Mari Vanna's credit card receipts;

(8) misappropriating the abovementioned amounts and using them for Unified Payments' own benefit and enjoyment without right;

(9) failing to timely remit all of Mari Vanna's credit card receipts that Unified Payments would process less only the agreed upon fees and charges;

(10)    failing to fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that Unified Payments processed and all fees, charges, and expenses relating to the same;

(11)    failing to remit amounts indisputably owed to Mari Vanna;

(12)    failing to communicate with Mari Vanna and cooperate with Mari Vanna's legitimate inquiries;

(13)    making material intentional misrepresentations to Plaintiff;

(14)    charging improper fees and making improper withholdings; and

(15)    otherwise failing to act honestly and in good faith.

34. As a result of such breach of contract, Plaintiff suffered damages and sustained losses.

35. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

SECOND CLAIM FOR RELIEF
FRAUD AND DECEIT AND FRAUDULENT CONCEALMENT

36. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 35 with the same effect as if fully set forth herein.

37. In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised and represented to Plaintiff:

(1)  That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2)  That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3)  That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4)  That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that Unified Payments would process less only the agreed upon fees and charges;

(5)  That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that Unified Payments would process less only the agreed upon fees and charges;

(6)  That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that Unified Payments would process and all fees, charges, and expenses relating to the same;

(7)  That Unified Payments would not charge any improper fees or make any improper withholdings.

38. Unified Payments made those promises and representations intentionally, with the expectation and intent that Mari Vanna would rely on the same in selecting Unified Payments to process Mari Vanna's credit card transactions and provide merchant services.

39. Mari Vanna did, in fact, reasonably rely on those promises and representations in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to process its credit card transactions and provide merchant services commencing October 2014. Reasonably relying on those promises and representations, Mari Vanna continued using the services of Unified Payments until November 2015.

40. Those representations were false when made and Unified Payments knew of their falsehood at the time they made them or made them with reckless indifference and disregard for their accuracy.

41. Unified Payments did not intend to honor those promises, representations, and commitments at the time that they made them and immediately began violating the same, which violations continued through the entire Relevant Period and none of which have been remedied as of the date hereof.

42. Additionally, through the Relevant Period, Unified Payments represented to Mari Vanna, primarily through electronic means, that they were timely and properly accounting for and remitting to Mari Vanna all of Mari Vanna's credit card receipts less only the agreed upon fees, were not improperly withholding or misappropriating any funds, and were not overcharging or overbilling Mari Vanna.

43. Unified Payments made those representations intentionally, with the expectation and intent that Mari Vanna would rely on the same in continuing to use Unified Payments to process its credit card transactions and provide merchant services.

44. Mari Vanna did, in fact, reasonably rely on those representations and continued to use Unified Payments to process its credit card transactions and provide merchant services until November 2015.

45. Those representations were false when made and Unified Payments knew of their falsehood at the time they made them or made them with reckless indifference and disregard for their accuracy.

46. Furthermore, Unified Payments owed Plaintiff a duty to disclose that they were withholding, misappropriating, and failing to remit amounts that they were not authorized and had no right to withhold, appropriate for their use, and not remit. However, they failed to disclose that fact, with the intention to defraud and deceive Plaintiff. In justifiable reliance on such concealment, Plaintiff continued using the services of Unified Payments, which allowed Unified Payments to withhold and misappropriate yet more of Mari Vanna's credit card receipts.

47. As a result of such fraud and deceit and fraudulent concealment, Plaintiff suffered damages and sustained losses.

48. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

THIRD CLAIM FOR RELIEF
BREACH OF FIDUCIARY DUTIES

49. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 48 with the same effect as if fully set forth herein.

50. Unified Payments and Plaintiff stood in a relationship of special trust and confidence.

51. Unified Payments held in actual and/or constructive trust Plaintiff's credit card receipts and owed Plaintiff fiduciary duties, including, without limitation, duties of care, loyalty, and good faith.

52. Unified Payments breached the fiduciary duties they owed Plaintiff by, *inter alia*:

(1) overcharging and overbilling Mari Vanna $0.45 per credit card transaction processed and wrongfully withholding those overcharges from the Mari Vanna's credit card receipts processed by Unified Payments;

(2) overcharging and overbilling Mari Vanna $390 per month for software and equipment that Mari Vanna did not use and wrongfully withholding those overcharges from the Mari Vanna's credit card receipts processed by Unified Payments;

(3) failing to properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4) failing to remit to Mari Vanna all of Mari Vanna's credit card receipts that it processed less only the agreed upon fees and charges;

(5) wrongfully withholding and failing to remit to Mari Vanna not less than $33,741.39 of Mari Vanna's credit card receipts in addition to the other amounts wrongfully withheld;

(6) wrongfully withholding and failing to remit to Mari Vanna not less than $57,795.99 of Mari Vanna's credit card receipts;

(7) misappropriating the abovementioned amounts and using them for their own benefit and enjoyment without right;

(8) failing to timely remit all of Mari Vanna's credit card receipts that they processed less only the agreed upon fees and charges;

(9) failing to fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that Unified Payments processed and all fees, charges, and expenses relating to the same;

(10)    failing to remit amounts indisputably owed to Mari Vanna;

(11)    failing to communicate with Mari Vanna and cooperate with Mari Vanna's legitimate inquiries;

(12)    making material intentional misrepresentations to Plaintiff;

(13)    failing to exercise reasonable and due care in handling, administering, and remitting Plaintiff's credit card receipts;

(14)    charging improper fees and making improper withholdings; and

(15)    otherwise failing to act honestly and in good faith.

53. As a direct and proximate result of such breach of fiduciary duties, Plaintiff suffered damages and sustained losses.

54. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

FOURTH CLAIM FOR RELIEF<br>
CONVERSION, WRONGFUL TAKING, AND CIVIL THEFT

55. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 54 with the same effect as if fully set forth herein.

56. Unified Payment have unlawfully exercised ownership, dominion, and control over not less than $57,795.55 that rightfully belong to Plaintiff, without Plaintiff's permission, in denial and repudiation of Plaintiff's rights to that money, and with the intent to deprive Plaintiff of that money and the benefits thereof.

57. As a result of such actions by Unified Payments, Plaintiff suffered damages and sustained losses.

58. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

FIFTH CLAIM FOR RELIEF
UNJUST ENRICHMENT

59. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 58 with the same effect as if fully set forth herein.

60. Unified Payments took for their use, benefit, and enjoyment a sum of not less than $57,795.99 that justly belonged to Plaintiff.

61. In the circumstances, it would be unfair and manifestly unjust to allow Unified Payments to retain said funds and the benefit thereof without repaying their fair value to Plaintiff.

62. As a result of such unjust enrichment, Plaintiff suffered damages and sustained losses.

63. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

## SIXTH CLAIM FOR RELIEF
## CONSTRUCTIVE FRAUD

64. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 63 with the same effect as if fully set forth herein.

65. The nature of the relationship between the parties created fiduciary duties which Unified Payments owed to Plaintiff.

66. Plaintiff and Unified Payments stood in a relationship of special trust and confidence.

67. The defendants' actions complained of herein deceived Plaintiff, violated a confidence, and injured the public interest.

68. As a direct and proximate result of such conduct, Plaintiff suffered damages and sustained losses.

69. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE AND GROSS NEGLIGENCE

70. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 69 with the same effect as if fully set forth herein.

71. Unified Payments owed Plaintiff a duty to exercise reasonable care in handling, safeguarding, and remitting to Plaintiff Plaintiff's credit card receipts, accounting for those receipts, and withholding fees and charges.

72. Unified Payments breached the duty of care owed to Plaintiff by failing to exercise reasonable care in handling, safeguarding, and remitting to Plaintiff Plaintiff's credit card receipts, accounting for those receipts, and withholding fees and charges.

73. Unified Payments' actions were willful, wanton, and/or performed with reckless disregard for their consequences.

74. As a direct and proximate result of such actions by Unified Payments, Plaintiff suffered damages and sustained losses.

75. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

EIGHTH CLAIM FOR RELIEF
INTENTIONAL MISREPRESENTATION

76. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 75 with the same effect as if fully set forth herein.

77. In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised and represented to Plaintiff:

(1) That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2) That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3) That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4) That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(5) That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(6) That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that they would process and all fees, charges, and expenses relating to the same;

(7) That Unified Payments would not charge any improper fees or make any improper withholdings.

78. Unified Payments made those promises and representations intentionally, with the expectation and intent that Mari Vanna would rely on the same in selecting Unified Payments to process its credit card transactions and provide merchant services.

79. Mari Vanna did, in fact, reasonably rely on those promises and representations in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to its process credit card transactions and provide merchant services commencing October 2014. Reasonably relying on those promises and representations, Mari Vanna continued using the services of Unified Payments until November 2015.

80. Those representations were false when made and Unified Payments knew of their falsehood at the time they made them or made them with reckless indifference and disregard for their accuracy.

81. Additionally, through the Relevant Period, Unified Payments represented to Mari Vanna, primarily through electronic means, that they were timely and properly accounting for and remitting to Mari Vanna all of Mari Vanna's credit card receipts less only the agreed upon fees, were not improperly withholding or misappropriating any funds, and were not overcharging or overbilling Mari Vanna.

82. Unified Payments made those representations intentionally, with the expectation and intent that Mari Vanna would rely on the same in continuing to use Unified Payments to process its credit card transactions and provide merchant services.

83. Mari Vanna did, in fact, reasonably rely on those representations and continued to use Unified Payments to process its credit card transactions and provide merchant services until November 2015.

84. Those representations were false when made and Unified Payments knew of their falsehood at the time they made them or made them with reckless indifference and disregard for their accuracy.

85. Furthermore, Unified Payments owed Plaintiff a duty to disclose that they were withholding, misappropriating, and failing to remit amounts that they were not authorized and had no right to withhold, appropriate for their use, and not remit. However, they failed to disclose that fact, with the intention to defraud and deceive Plaintiff. In justifiable reliance on such concealment, Plaintiff continued using the services of Unified Payments, which allowed Unified Payments to withhold and misappropriate yet more of Mari Vanna's credit card receipts.

86. As a result of such intentional misrepresentation, Plaintiff suffered damages and sustained losses.

87. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

NINTH CLAIM FOR RELIEF
NEGLIGENT MISREPRESENTATION

88. Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 87 with the same effect as if fully set forth herein.

89. Unified Payments owed Plaintiff a duty not to make misrepresentations of material fact.

90. In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised and represented to Plaintiff:

(1)  That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2)  That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3)  That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4)  That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(5)  That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(6)  That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that they would process and all fees, charges, and expenses relating to the same;

(7)  That Unified Payments would not charge any improper fees or make any improper withholdings.

91. When Unified Payments made those promises and representations, they knew or should have known that Mari Vanna would rely on the same in selecting Unified Payments to process its credit card transactions and provide merchant services.

92. Mari Vanna did, in fact, reasonably rely on those promises and representations in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to its process credit card transactions and provide merchant services commencing October 2014. Reasonably relying on those promises and representations, Mari Vanna continued using the services of Unified Payments until November 2015.

93. Those representations were false when made.

94. Additionally, through the Relevant Period, Unified Payments represented to Mari Vanna, primarily through electronic means, that they were timely and properly accounting for and remitting to Mari Vanna all of Mari Vanna's credit card receipts less only the agreed upon fees, were not improperly withholding or misappropriating any funds, and were not overcharging or overbilling Mari Vanna.

95. When Unified Payments made those representations, they knew or should have known that Mari Vanna would rely on the same in continuing to use Unified Payments to process its credit card transactions and provide merchant services.

96. Mari Vanna did, in fact, reasonably rely on those representations and continued to use Unified Payments to process its credit card transactions and provide merchant services until November 2015.

97. Those representations were false when made.

98. As a direct and proximate result of such negligent misrepresentation, Plaintiff suffered damages and sustained losses.

99. In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

TENTH CLAIM FOR RELIEF<br>PROMISSORY ESTOPPEL

100.   Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 99 with the same effect as if fully set forth herein.

101.   In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised to Plaintiff:

(1) That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2) That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3) That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4) That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(5) That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(6) That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that they would process and all fees, charges, and expenses relating to the same;

(7) That Unified Payments would not charge any improper fees or make any improper withholdings.

102.     Unified Payments made those promises intentionally, with the expectation and intent that Mari Vanna would rely on the same in selecting Unified Payments to process its credit card transactions and provide merchant services.

103.     Mari Vanna did, in fact, reasonably rely on those promises in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to its process credit card transactions and provide merchant services commencing October 2014. Reasonably relying on those promises and representations, Mari Vanna continued using the services of Unified Payments until November 2015.

104.     Unified Payments must be estopped from failing to honor their promises and must be ordered to pay Plaintiff the moneys that it is wrongfully withholding.

105.     In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

ELEVENTH CLAIM FOR RELIEF
DETRIMENTAL RELIANCE

106.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 105 with the same effect as if fully set forth herein.

107.     In June, July, August, and September of 2014, by e-mail and telephone, Unified Payments, acting through their agents, to include, without limitation, Net Element, TOT, and UP CEO Oleg Firer, promised and represented to Plaintiff:

(1) That Unified Payments would significantly reduce Mari Vanna's credit card processing fees;

(2) That Unified Payments would only charge Mari Vanna a $0.05 processing fee per credit card transaction;

(3) That Unified Payments would properly and correctly process all of Mari Vanna's credit card receipts and transactions;

(4) That Unified Payments would remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(5) That Unified Payments would timely remit to Mari Vanna all of Mari Vanna's credit card receipts that they would process less only the agreed upon fees and charges;

(6) That Unified Payments would fully, properly, correctly, and timely account for all of Mari Vanna's credit card receipts that they would process and all fees, charges, and expenses relating to the same;

(7) That Unified Payments would not charge any improper fees or make any improper withholdings.

108.     Unified Payments made those promises and representations intentionally, with the expectation and intent that Mari Vanna would rely on the same in selecting Unified Payments to process its credit card transactions and provide merchant services.

109.     Mari Vanna did, in fact, reasonably rely on those promises and representations in selecting Unified Payments to process its credit card transactions and provide merchant services and retained Unified Payments to its process credit card transactions and provide merchant services commencing October 2014. Reasonably relying on those promises and representations, Mari Vanna continued using the services of Unified Payments until November 2015.

110.     Those promises and representations were false when made.

111.   As a result of its reliance on Unified Payments' promises and representations, Plaintiff

suffered damages and sustained losses.

112.   In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and

co-conspired with the other defendants with the purpose and effect of causing damages to

Plaintiff.

TWELFTH CLAIM FOR RELIEF
TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

113.   Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 112 with the same effect as if fully set forth herein.

114.   Unified Payments knew that Plaintiff was in the restaurant business, had contracts with

and financial obligations to its landlords, suppliers, and employees, and had an interest in

preserving its good credit.

115.   Unified Payments intentionally and wrongfully withheld and misappropriated moneys

that belonged to Plaintiff and that Plaintiff required for its operations and to preserve its

business relationships.

116.   Unified Payments' conduct was unjustifiable, egregious, and outrageous.

117.   As a result of such conduct by Unified Payments, Plaintiff was unable to meet its

obligations when due, was damaged in its business relationships and credit, and suffered

damages and sustained losses.

118.   In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and

co-conspired with the other defendants with the purpose and effect of causing damages to

Plaintiff.

## THIRTEENTH CLAIM FOR RELIEF
### REPLEVIN

119.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 118 with the same effect as if fully set forth herein.

120.    Unified Payments have in their possession and are, without right, exercising control and

dominion over funds that belong to Plaintiff, in the amount of not less than $57,795.55, and

must be ordered to remit the same to Plaintiff.

121.    In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and

co-conspired with the other defendants with the purpose and effect of causing damages to

Plaintiff.

## FOURTEENTH CLAIM FOR RELIEF
### DETINUE

122.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 121 with the same effect as if fully set forth herein.

123.    Unified Payments have in their possession and are, without right, delaying the remittance

to plaintiff of funds that belong to Plaintiff, in the amount of not less than $57,795.55, and

must be ordered to remit those funds to Plaintiff forthwith.

124.    In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and

co-conspired with the other defendants with the purpose and effect of causing damages to

Plaintiff.

## FIFTEENTH CLAIM FOR RELIEF
### VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### (RICO)

125.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 124 with the same effect as if fully set forth herein.

126.    Each of the defendants is a "person" as defined in 18 U.S.C. § 1961.

127.    Net Element, Inc. is an "enterprise" as defined in 18 U.S.C. § 1961. It is an enterprise that operates in many states of the United States of America and across state lines as well as internationally, and is engaged in, and its activities affect, interstate and international commerce.

128.    TOT Group, Inc. is an "enterprise" as defined in 18 U.S.C. § 1961. It is an enterprise that operates in many states of the United States of America and across state lines as well as internationally, and is engaged in, and its activities affect, interstate and international commerce.

129.    Unified Payments, LLC is an "enterprise" as defined in 18 U.S.C. § 1961. It is an enterprise that operates in many states of the United States of America and across state lines as well as internationally, and is engaged in, and its activities affect, interstate and international commerce.

130.    Unified Payments is an "enterprise" as defined in 18 U.S.C. § 1961. It is an enterprise that operates in many states of the United States of America and across state lines as well as internationally, and is engaged in, and its activities affect, interstate and international commerce.

131.    The defendants, having devised a scheme and artifice to defraud Plaintiff and others and to obtain money by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate commerce (to include, without limitation, by means of electronic mail and telephone) writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343. The defendants, having devised a scheme and

26

artifice to defraud Plaintiff and others and to obtain money by means of false and fraudulent pretenses, representations, and promises, placed in the mails documents and matter for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1341. In particular, in June, July, August, and September of 2014, and between October 2014 and November 2015, the defendants used the mails and wire communications to commit the frauds alleged herein, to conspire among themselves as alleged herein, and to make the false promises and false representations to Plaintiff as alleged herein. This constituted racketeering activity as defined in 18 U.S.C. § 1961(1).

132.    The defendants, being persons employed by and/or associated with an "enterprise," as that term is defined in 18 U.S.C. § 1961, conducted such enterprise's affairs and participated in the conduct of such enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c) . Further, the defendants conspired to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

133.    *Inter alia*: over the Relevant Period, on at least one occasion each month, the defendants used wires and mails in connection with a scheme and artifice to obtain money that belonged to Plaintiff by fraud and false and fraudulent representations and pretenses; in June, July, August, and September of 2014, the defendants used wires and mails in connection with a scheme and artifice to obtain money that belonged to Plaintiff by fraud and false and fraudulent representations and pretenses; the defendants used wires and mails in connection with a scheme and artifice to overbill and overcharge Plaintiff for software and equipment that Mari Vanna did not use; the defendants used wires and mails in connection with a scheme and artifice to overbill and overcharge Plaintiff for transaction processing; the

defendants used wires and mails in connection with a scheme and artifice to misappropriate Plaintiff's credit card receipts. The foregoing constituted a pattern of racketeering activity.

134.    As a direct and proximate result of such actions by the defendants, Plaintiff suffered damages and sustained losses.

135.    Plaintiff is entitled to maintain a private civil action against the defendants by virtue of 18 U.S.C. § 1964(c).

136.    In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

SIXTEENTH CLAIM FOR RELIEF
CIVIL CONSPIRACY

137.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 136 with the same effect as if fully set forth herein.

138.    In June, July, August, and September of 2014, and during the Relevant Period, by e-mail and telephone, the defendants acted in consort, confederated, and conspired with the purpose and effect of committing the torts and violations of Plaintiff's rights complained of hereinabove.

139.    The defendants took deliberate acts in furtherance of their conspiracy as set forth hereinabove.

140.    As a result of such civil conspiracy, Plaintiff suffered damages and sustained losses.

141.    In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and co-conspired with the other defendants with the purpose and effect of causing damages to Plaintiff.

SEVENTEENTH CLAIM FOR RELIEF
AIDING AND ABETTING

142.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 141 with the same effect as if fully set forth herein.

143.    Each of the defendants knew of the tortious conduct of the other defendants as alleged

hereinabove and participated in, assisted, aided, abetted, and actively encouraged such

conduct.

144.    As a result of such conduct by the defendants, Plaintiff suffered damages and sustained

losses.

145.    In such actions, each of the defendants acted in concert, collaborated, aided, abetted, and

co-conspired with the other defendants with the purpose and effect of causing damages to

Plaintiff.

EIGHTEENTH CLAIM FOR RELIEF
ACCOUNTING

146.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 145 with the same effect as if fully set forth herein.

147.    Plaintiff is entitled to a full and complete accounting with respect to all credit card

transactions and receipts processed by Unified Payments and all amounts withheld therefrom

and to a prompt payment of all amounts wrongfully and improperly withheld.

NINETEENTH CLAIM FOR RELIEF
DECLARATORY RELIEF AND INJUNCTION

148.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1

through 147 with the same effect as if fully set forth herein.

149.    An active and genuine controversy exists concerning possession of certain funds and an

order should be entered to the effect that those funds must be remitted by the defendants to

Plaintiff forthwith and the defendants should be enjoined from continuing to exercise

possession, control, and dominion of and over said funds and withholding said funds from

Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and

against the defendants, jointly and severally:

(1) Declaring that the defendants have committed the breaches and offenses complained

of herein;

(2) Ordering the defendants to provide a complete accounting for Plaintiff's funds and all

transactions processed for Plaintiff over the Relevant Period and enjoining the defendants

from withholding and exercising control and dominion over Plaintiff's funds and

ordering the defendants to remit Plaintiff's funds to Plaintiff;

(3) Awarding Plaintiff compensatory damages against the defendants, jointly and

severally, in the amount of not less than $100,000.00;

(4) Awarding Plaintiff treble damages and statutory damages;

(5) Awarding Plaintiffs punitive damages against the defendants, jointly and severally, in

the amount of not less than $1,000,000.00;

(6) Awarding the Plaintiff pre-judgment and post-judgment interest, reasonable attorney's

fees, and the costs and disbursements of this action;

(7) Awarding Plaintiff such other and further relief as the Court deems just and proper

and as the nature of this controversy may require.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of claims, issues, and defenses triable to a jury.

Respectfully submitted,
MARI VANNA DC, LLC
By counsel


__ */s/ Dmitri A. Chernov*_____
Dmitri A. Chernov, Esquire D.C. Bar #482894
11821 Parklawn Drive, Suite 206
Rockville, Maryland 20852
Telephone: (240) 447-8625
Facsimile: (240) 221-2758
E-mail: DChernov@aol.com


Dated: March 1, 2016